# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON MICHAEL TORREZ, | 1:12-cv-00543-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| SHERIFF MARGARET MIMS, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

### DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the

1  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §

2  1983 is the proper method for a prisoner to challenge the conditions of that confinement.

3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5       In this case, Petitioner contends that he is not being provided proper medical and dental

6  care at the Fresno County Jail.  He also contends that he is not provided adequate safety and

7  security while housed in the administrative segregation unit.  Petitioner is challenging the

8  conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is

9  not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish

10  to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42

11  U.S.C. § 1983.

12       A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

13  district court's denial of his petition, and an appeal is only allowed in certain circumstances.

14  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining

15  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

16       (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
     district judge, the final order shall be subject to review, on appeal, by the court
17       of appeals for the circuit in which the proceeding is held.

18       (b) There shall be no right of appeal from a final order in a proceeding to test the
     validity of a warrant to remove to another district or place for commitment or trial
19       a person charged with a criminal offense against the United States, or to test the
     validity of such person's detention pending removal proceedings.

20
     (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
21           appeal may not be taken to the court of appeals from–

22           (A) the final order in a habeas corpus proceeding in which the
             detention complained of arises out of process issued by a State
23           court; or

24           (B) the final order in a proceeding under section 2255.

25       (2) A certificate of appealability may issue under paragraph (1) only if the
     applicant has made a substantial showing of the denial of a constitutional right.

26
     (3) The certificate of appealability under paragraph (1) shall indicate which
27   specific issue or issues satisfy the showing required by paragraph (2).

28

1    If a court denies a petitioner's petition, the court may only issue a certificate of

2    appealability "if jurists of reason could disagree with the district court's resolution of his

3    constitutional claims or that jurists could conclude the issues presented are adequate to deserve

4    encouragement to proceed further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473,

5    484 (2000).  While the petitioner is not required to prove the merits of his case, he must

6    demonstrate "something more than the absence of frivolity or the existence of mere good faith on

7    his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

8    In the present case, the Court finds that reasonable jurists would not find the Court's

9    determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

10   deserving of encouragement to proceed further.  Petitioner has not made the required substantial

11   showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a

12   certificate of appealability.

13   Accordingly, the Court HEREBY ORDERS that:

14   1.    The petition for writ of habeas corpus is DISMISSED because the petition does

15         not allege grounds that would entitle Petitioner to habeas corpus relief;

16   2.    The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights

17         complaint form for prisoners seeking relief 42 U.S.C. § 1983; and

18   3.    The Court DECLINES to issue a certificate of appealability.

19

20   IT IS SO ORDERED.

21   **Dated:    April 19, 2012**          _____ **/s/ Dennis L. Beck** _____
                                               UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28