UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FENTON MICHAEL TORREZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>SHERIFF MARGARET MIMS, et.al.,<br><br>　　　　Respondents. | Case No.:12-cv-00543-DLB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 19, 2012 ORDER DISMISSING THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 7] |

　　　　On April 19, 2012, the undersigned dismissed the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]

　　　　On April 25, 2012, Petitioner filed a motion for reconsideration of the Court's April 19, 2012, dismissal order.  Although Petitioner cites to Rule 72 of the Federal Rules of Civil Procedure, the Court construes Petitioner's motion as brought under Rule 60(b) of the Federal Rules of Civil Procedure which governs reconsideration of final orders.

　　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

---

[1] Petitioner consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law, and it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (quotations marks and citations omitted) (emphasis in original).

In the dismissal order, the Court found that Petitioner was challenging the conditions of his confinement which must be raised by way of a complaint pursuant to 42 U.S.C. § 1983. Petitioner presents additional claims which continue to challenge the conditions of his confinement at the Fresno County jail. However, Petitioner's arguments fail to support his bid for reconsideration, as he has not shown that the Court erred in its application of the law to the facts. Petitioner's motion fails to set forth any grounds entitling him to reconsideration of the order dismissing this action. Accordingly, Plaintiff's motion is HEREBY ORDERED DENIED, with prejudice.

IT IS SO ORDERED.

Dated: __**December 3, 2012**__          /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE